Ryan L. Gentile, Esq.
Law Offices of Gus Michael Farinella, PC
110 Jericho Turnpike - Suite 100
Floral Park, NY 11001
Tel: 201-873-7675
*Attorney for Plaintiff, Shimshon Wexler*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
**SHIMSHON WEXLER**                                    Civil Action No.

        **Plaintiff,**
                                        **COMPLAINT**
   v.

                                        **JURY TRIAL DEMANDED**

**CAPITAL ONE, N.A., TRANS UNION**
**LLC, EQUIFAX INFORMATION**
**SERVICE, LLC, and EXPERIAN**
**INFORMATION SOLUTIONS, INC.**

        **Defendants.**
-------------------------------------------------------X

## COMPLAINT

By and through the undersigned counsel, Plaintiff, Shimshon Wexler ("Plaintiff"), with knowledge as to his own acts and investigation of counsel as to the acts of others, believing that further investigation and discovery will confirm that such allegations have substantial evidentiary support, alleges as follows:

## INTRODUCTION

1. This action arises out of violations of the of the Fair Credit Reporting Act (15 U.S.C. § 1681 *et seq*. (hereinafter "FCRA") by Equifax Information Services, LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), and Trans Union, LLC ("Trans Union") (Equifax, Experian and Trans Union, when used collectively, are hereinafter known as the "CRA Defendants") and Capital One, N.A. ("Capital One") in their illegal

1

credit reporting against Plaintiff. (Capital One and the CRA Defendants when used collectively are hereinafter known as the "Defendants").

2. Congress enshrined within the FCRA the "need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." § 1681(a)(4).

3. Moreover, Congress has plainly stated the purpose of the FCRA is "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information…" § 1681(b).

4. Similarly, courts have stated that the purpose of the FCRA is to address the "serious problem in the credit reporting industry…of inaccurate or misleading information." Kilpakis v. JPMorgan Capital One Fin. Co., LLC, 229 F. Supp. 3d 133, 142 (E.D.N.Y. 2017) (internal quotation marks and emphasis omitted); *see also, e.g.,* Porter v. Talbot Perkins Children's Servs., 355 F. Supp. 174, 176 (S.D.N.Y. 1973) (noting that "[t]he purpose of the Fair Credit Reporting Act is to protect an individual from inaccurate or arbitrary information about [that individual from appearing] in a consumer report . . . ") (citing 116 Cong. Rec. 36572 (1970)).

5. As set forth herein, the Defendants denied Plaintiff the protections provided by the FCRA concerning a Capital One account with the last four digits of "7865" ("Capital One Account").

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over Plaintiff's FCRA claim pursuant to 15 U.S.C. § 1681(p).

7. Venue and personal jurisdiction in this District are proper because:

    a. Plaintiff consents to the jurisdiction of this Court.

    b. Defendants have the necessary minimum contacts with the State of New York.

    c. Defendants do a substantial amount business within this District.

    d. Upon information and belief, at least one of the partners of Trans Union and Equifax resides within this District.

**PARTIES**

8. Plaintiff, Shimshon Wexler, is an individual natural person and a "consumer" within the meaning of the FCRA (15 U.S.C. § 1681a(c)).

9. Capital One is a foreign corporation who, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer and therefore constitutes a "furnisher," as codified at 15 U.S.C. § 1681s-2.

10. Equifax Information Services, LLC is a limited liability company, doing business throughout the country and in the State of York. Equifax is a "consumer reporting agency" as defined in § 1681a(f) of the FCRA. Equifax may be served through its registered agent c/o Corporation Service Company, 80 State Street Albany, NY 12207.

11. Experian Information Solutions, Inc. is a corporation doing business throughout the country and in the State of New York. Experian is a "consumer reporting agency" as defined in § 1681a(f) of the FCRA. Experian may be served through its registered agent c/o CT Corporation System, 28 Liberty Street New York, NY 10005.

12. Trans Union, LLC is a limited liability company, doing business throughout the country and in the State of New York. Trans Union is a "consumer reporting agency" as defined

in § 1681a(f) of the FCRA. Trans Union may be served through its registered agent c/o The Prentice-Hall Corporation System, Inc, 80 State Street Albany, NY 12207.

**FACTS**

13. On or around August 11, 2021, Plaintiff and Capital One agreed to settle the Capital One Account.

14. Plaintiff made a payment, via check, for the exact amount agreed to in the settlement agreement, and said check was cashed by Capital One and cleared Plaintiff's bank account on August 20, 2021.

15. At all times after August 20, 2021, the Plaintiff owed Capital One $0 on the Capital One Account.

16. In September 2021, Plaintiff obtained his credit reports with each of the CRA Defendants. In each of the reports, the CRA Defendants were incorrectly reporting that the Capital One Account had a balance owed, a past due amount owed, and was in "charge off" status. The CRA Defendants were reporting this incorrect information despite the Plaintiff owing $0 on the Capital One Account because he had settled it in full the previous month. It is impossible to have a balance owed, a past due balance owed, and to be "late" or "charged off" in the months *after* nothing is owed.

**Plaintiff's First Dispute**

17. On October 13, 2021, Plaintiff wrote and mailed a letter to each of the CRA Defendants ("First Dispute Letter). The First Dispute Letter disputed the balance that each of the CRA Defendants was reporting and provided evidence which proved that the balance

owed on the Capital One Account was zero dollars ($0) because the account was settled in full on August 20, 2021.

18. The First Dispute Letter was received by each of the CRA Defendants.

19. The CRA Defendants then forwarded a copy of the First Dispute Letter to Capital One.

20. In the alternative, the CRA Defendants did not notify Capital One of the Plaintiff's First Dispute Letter and did not forward a copy of said letter to Capital One.

*Equifax Dispute and Dispute Results*

21. Plaintiff received dispute results from Equifax dated October 20, 2021. Equifax's dispute results unlawfully verified the inaccurate balance, past due amount, and legal status, associated with the Capital One Account. Specifically, Equifax dispute results stated: WE HAVE VERIFIED THAT THIS ITEM HAS BEEN REPORTED CORRECTLY.

22. According to the credit report that Equifax sent Plaintiff dated October 20, 2021, Equifax was still reporting an inaccurate balance, an inaccurate past due amount, and an inaccurate legal status of "charge off".

23. The information that Equifax unlawfully verified as accurate was clearly inaccurate. As evidenced by Plaintiff's First Dispute Letter and the documents submitted therein, the Capital One Account was settled in full in August 2021. Therefore, the Capital One Account must have been reported with a balance of $0.00, past due amount of $0.00 and the legal status could not have been a "charge off" because an account that is paid in full and has a $0 balance cannot be late or a charge off.

*Experian Dispute and Dispute Results*

24. Plaintiff received dispute results from Experian dated October 26, 2021. Experian's dispute results unlawfully verified the inaccurate balance, past due amount, and legal status, associated with the Capital One Account. Specifically, Experian dispute results stated: "The information you disputed has been verified as accurate…"

25. According to the credit report that Experian sent Plaintiff dated October 26, 2021, Experian was still reporting an inaccurate balance, an inaccurate past due amount, and an inaccurate legal status of "charge off".

26. The information that Experian unlawfully verified as accurate was clearly inaccurate. As evidenced by Plaintiff's First Dispute Letter and the documents submitted therein, the Capital One Account was settled in full in August 2021. Therefore, the Capital One Account must have been reported with a balance of $0.00, past due amount of $0.00 and the legal status could not have been a "charge off" because an account that is paid in full and has a $0 balance cannot be late or a charge off.

*Trans Union Dispute and Dispute Results*

27. Plaintiff received dispute results from Trans Union dated October 25, 2021. Trans Union's dispute results unlawfully verified the inaccurate balance, past due amount, and legal status, associated with the Capital One Account. Specifically, Trans Union informed Plaintiff as follows: "We investigation the information you disputed and the disputed information as **VERIFIED AS ACCURATE**…"

28. According to the credit report that Trans Union sent Plaintiff dated October 25, 2021, Trans Union was still reporting an inaccurate balance, an inaccurate past due amount, and an inaccurate legal status of "charge off" for September 2021.

29. The information that Trans Union unlawfully verified as accurate was clearly inaccurate. As evidenced by Plaintiff's First Dispute Letter and the documents submitted therein, the Capital One Account was settled in full in August 2021. Therefore, the Capital One Account must have been reported with a balance of $0.00, past due amount of $0.00 and the legal status could not have been a "charge off" because an account that is paid in full and has a $0 balance cannot be late or a charge off.

### Plaintiff's Second Dispute

30. After each of the CRA Defendants and Capital One had verified as accurate the truly inaccurate information that the Plaintiff disputed in the First Dispute Letter, the Plaintiff became frustrated and distressed that the Defendants did not correct the obviously incorrect information they were reporting regarding the Capital One Account.

31. The Plaintiff decided to again dispute the inaccurate information on the Capital One Account with the CRA Defendants.

32. On November 2, 2021, Plaintiff wrote and mailed letters to each of the CRA Defendants ("Second Dispute Letter). The Second Dispute Letter disputed the balance that each of the CRA Defendants was reporting regarding the Capital One Account and provided evidence, including the settlement agreement between Plaintiff and Capital One and a copy of the cancelled check evidencing payment of the settlement amount, all which irrefutably demonstrated that the balance owed on the Capital One Account was zero dollars ($0) because the account was settled in full on August 20, 2021.

33. The Second Dispute Letter was received by each of the CRA Defendants.

34. Equifax and Trans Union forwarded a copy of the Second Dispute Letter to Capital One.

35. In the alternative, Equifax and Trans Union did not notify Capital One of the Plaintiff's Second Dispute Letter and did not forward a copy of said letter to Capital One.

36. Upon information and belief, Experian did not notify Capital One of the Plaintiff's Second Dispute Letter and did not forward a copy of said letter to Capital One.

*Equifax Second Dispute and Dispute Results*

37. Plaintiff received dispute results from Equifax dated November 12, 2021. Equifax's dispute results again unlawfully verified the inaccurate balance, past due amount, and legal status, associated with Plaintiff's Capital One Account.

38. According to the credit report that Equifax sent Plaintiff dated November 12, 2021, Equifax was still reporting the same inaccurate balance as before the first dispute, the same inaccurate past due amount as before the first dispute, and the same inaccurate legal status of "charge off" as of October 2021.

39. As evidenced by the Plaintiff's Second Dispute Letter and the documents submitted therein, and discussed in detail above, the information that Equifax unlawfully verified as accurate following receipt of Plaintiff's Second Dispute Letter was clearly inaccurate.

*Experian Second Dispute and Dispute Results*

40. Plaintiff received a letter from Experian dated November 15, 2021. In the letter, Experian told the Plaintiff, "We have previously processed this dispute and the credit grantor has verified its accuracy". Experian further stated, "…we will not reinvestigate the same dispute again at this time."

41. Despite the Plaintiff sending the Second Dispute Letter to Experian along with the settlement agreement between Plaintiff and Capital One and cancelled check showing

payment of the settlement amount on the Capital One Account, Experian refused to even review the information or the Plaintiff's Second Dispute Letter. Rather, Experian simply verified as true and correct the clearly inaccurate information a second time without doing any investigation.

*Trans Union Second Dispute and Dispute Results*

42. Plaintiff received dispute results from Trans Union dated November 12, 2021. Trans Union's dispute results unlawfully verified the inaccurate balance, past due amount, and legal status, associated with Plaintiff's Capital One Account. Specifically, Trans Union informed Plaintiff as follows: "INVESTIGATION RESULTS – VERIFIED AS ACCURATE AND UPDATED: The disputed item(s) was verified as accurate…"

43. According to the credit report that Trans Union sent Plaintiff dated November 12, 2021, Trans Union was still reporting the same inaccurate balance as before the first dispute, the same inaccurate past due amount as before the first dispute, and the same incorrect legal status of "charge off" for September 2021 and October 2021. Trans Union's second dispute results unlawfully updated the Capital One Account to show that it was charged off in October 2021, whereas the first dispute results only showed the Capital One Account as being charged off in September 2021.

44. As evidenced by the Plaintiff's Second Dispute Letter and the documents submitted therein, and discussed in detail above, the information that Trans Union unlawfully verified as accurate following receipt of Plaintiff's Second Dispute Letter was clearly inaccurate.

**Defendants Investigations Violated The FCRA As Each Investigation Was Conducted Negligently And Intentionally Or Recklessly Or In Wanton Disregard Of Plaintiff And The FCRA**

45. Both disputes by the Plaintiff were simple – the specific inaccurate information was identified on the Capital One Account.

46. Both the First Dispute Letter and Second Dispute Letter spelled out in detail the inaccurate information that was being reported by Capital One to the CRA Defendants, why the information was inaccurate, and provided proof the information was inaccurate.

47. Plaintiff settled the Capital One Account with Capital One in August 2021 and paid the settlement amount agreed to on August 20, 2021.

48. The CRA Defendants even had the $3,167.50 settlement payment reflected in files they had for Plaintiff.

49. The Capital One Account was not allowed to continue to show up on Plaintiff's credit reports with a balance still owed, a past due amount, and showing as a charge off after the Capital One Account was paid in full as part of a settlement.

50. Even though Defendants had written evidence that their reporting was inaccurate, they ignored both of the Plaintiff's dispute letters and the evidence submitted therein, and continued to report the Capital One Account with an outstanding balance, past due balance, and as being a "charge off" for September and October 2021.

51. Furthermore, Experian, Equifax and Trans Union notified Capital One of Plaintiff's disputes, but Capital One intentionally ignored Plaintiff's disputes and instructed Equifax, Trans Union and Experian that Plaintiff owed the reported outstanding balance, was past due, and that the account was currently a "Charge off", even though Capital One's own records showed that this reporting was not accurate because they knew of the

settlement having been a party to the agreement, and their own records showed they received payment of the settlement amount in August of 2021.

52. All Defendants knew they there were not allowed to report inaccurate information, but they did so anyway.

53. Had any of the Defendants looked in even the most cursory way at either the First Dispute Letter and/or the Second Dispute Letter and the documents submitted therein, they would have seen that the errors Plaintiff wrote about in both of his dispute letters were obvious, and the Capital One Account must be deleted or fully corrected.

54. The Defendants refused to correct the inaccurate information that the Plaintiff disputed is both his dispute letters and kept the Capital One Account on Plaintiff's credit reports with the inaccurate information on said account.

55. All actions of all Defendants fall woefully short of the requirements of the FCRA for the Defendants to do a reasonable investigation.

56. If any of the Defendants had performed even a negligent investigation the false and inaccurate information would have been corrected. Instead, all Defendants violated the requirement of doing a reasonable investigation as required by the FCRA.

## CAUSES OF ACTION

## COUNT I

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

## 15 U.S.C. § 1681e(b)

**(Equifax, Experian and Trans Union)**

57. The Plaintiff realleges and incorporates all paragraphs above as if fully set out herein.

58. Equifax, Experian and Trans Union are each a "consumer reporting agency" as codified at 15 U.S.C. § 1681a(f).

59. The CRA Defendants violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files they published and maintained concerning the Plaintiff.

60. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure **maximum possible accuracy** of the information concerning the individual about whom the report relates." 15 U.S.C. § 168le(b) (emphasis added).

61. In both his First Dispute Letter and Second Dispute Letter, Plaintiff notified each of the CRA Defendants directly of the inaccuracies in the Capital One Account appearing on his credit reports with the respective CRA Defendants.

62. Following their receipt of the dispute letters, each of the CRA Defendants knew or should have known of inaccuracies that they were reporting on the Capital One Account. However, following their receipt of Plaintiff's First Dispute Letter and Second Dispute Letter, each CRA Defendant continued to prepare consumer reports concerning Plaintiff that contained the same inaccurate information that the Plaintiff disputed in both of his dispute letters.

63. Despite the CRA Defendants' actual knowledge that credit reports they were preparing about the Plaintiff contained inaccurate information, the CRA Defendants continued to readily provide reports about the Plaintiff containing inaccurate information to one or more third parties, thereby misrepresenting Plaintiff, and ultimately Plaintiff's creditworthiness.

64. At a minimum, the Capital One Accounts should have been deleted or corrected by the CRA Defendants sometime in October 2021 but were not because the CRA Defendants did not follow reasonable procedures to assure the maximum possible accuracy of the information they were reporting about the Plaintiff.

65. After the CRA Defendants knew or should have known about the inaccurate information on the Capital One Account contained in their credit reports for the Plaintiff, they each failed to correct the inaccurate information in the Plaintiff's credit reports.

**66.** As a result of this conduct, action and inaction of the CRA Defendants, Plaintiff suffers and has suffered damage by loss of, limited credit and delayed credit, loss of the ability to purchase and benefit from credit, costs of disputes, and the mental and emotional pain and anguish and the humiliation and embarrassment related to same and continuous efforts to correct his files.

67. All the violations of the FCRA proximately caused the injuries and damages set forth in this Complaint.

68. All actions taken by the CRA Defendants were done with negligence.

69. All actions taken by the CRA Defendants were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were taken in violation of the FCRA and/or that they knew or should have known that their actions were in reckless disregard of the FCRA.

70. The CRA Defendants conduct, actions, and inactions, were willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §

168ln. In the alternative, such conduct, action, and inaction were negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

71. The Plaintiff is entitled to recover costs and attorney's fees from the CRA Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

## COUNT II

### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681i

**(Equifax, Experian and Trans Union)**

72. The Plaintiff realleges and incorporates all paragraphs above as if fully set out herein.

73. Equifax, Experian and Trans Union are each a "consumer reporting agency" as codified at 15 U.S.C. § 1681a(f).

74. 15 U.S.C. § 1681i(a)(1) requires a consumer reporting agency to complete a reasonable investigation of the accuracy or completeness of any item of information in a consumer's credit file that the consumer disputes to the consumer reporting agency within 30 days of the dispute. Pursuant to § 1681i(a)(5), a consumer reporting agency must, "promptly delete [disputed] information from the file of the consumer, or modify [disputed] information, as appropriate" after completing its § 1681i(a)(1) reinvestigation if the consumer reporting agency finds that the disputed information is "inaccurate or incomplete or cannot be verified." §§ 1681i(a)(1) and (a)(5).

75. The CRA Defendants each violated multiple sections of § 1681i by their respective acts and omissions, including but not limited to, the following:

a. Failing to conduct a reasonable reinvestigation of Plaintiff's dispute to determine whether the disputed information was inaccurate and record the correct status or delete the items from Plaintiff's credit file in violation of § 1681i(a)(1);

  b. Failing to review and consider all relevant information submitted by Plaintiff concerning Plaintiff's dispute, in violation of § 1681i(a)(4); and

  c. Failing to properly modify or delete disputed information on and/or from Plaintiff's credit files upon a lawful reinvestigation in violation of § 1681i(a)(5).

76. The CRA Defendants received multiple disputes from Plaintiff with information beyond what was contained in Plaintiff's credit files that showed that the information they were reporting regarding the Capital One Account was not accurate.

77. Experian, Equifax and Trans Union violated 15 U.S.C. § 1681i on multiple occasions by failing to conduct lawful reinvestigations.

78. Experian, Equifax and Trans Union violated 15 U.S.C. § 1681i on multiple occasions by relying upon verification from sources it has reason to know are unreliable, namely Capital One.

79. As a result of this conduct, action and inaction of Experian, Equifax and Trans Union, Plaintiff suffers and has suffered damage by loss of, limited credit and delayed credit, loss of the ability to purchase and benefit from credit, costs of disputes, and the mental and emotional pain and anguish and the humiliation and embarrassment related to same and continuous efforts to correct his files.

80. Experian, Equifax and Trans Union each have a regular practice or policy of ignoring disputed information from a consumer if it contradicts the information provided by a credit furnisher such as Capital One after a dispute is sent to the furnisher.

81. It is objectively unreasonable to rely on a furnisher's verification of information without conducting an independent investigation if the furnisher's verification contradicts facts provided in a dispute when the furnisher and consumer's claimed facts contradict each other.

82. Ignoring a factual dispute raised by a consumer because a furnisher verifies information that contradicts the information provided by the consumer in his dispute runs a risk of violating the FCRA that is substantially greater than the risk associated with a merely careless investigation of a dispute of fact.

83. On information and belief, Experian, Equifax and Trans Union relied entirely on Capital One's response to the disputed information without conducting an investigation of their own.

84. On information and belief, Experian, Equifax and Trans Union never reviewed or took into account the settlement agreement and proof of payment of the settlement amount that the Plaintiff sent along with his two dispute letters.

85. Beyond verifying that Capital One claimed the reported information was accurate, Equifax made no effort of its own to verify the disputed information.

86. Beyond verifying that Capital One claimed the reported information was accurate, Trans Union made no effort of its own to verify the disputed information.

87. Beyond verifying that Capital One claimed the reported information was accurate, Experian made no effort of its own to verify the disputed information.

88. Had any of the CRA Defendants done even the most basic of investigations into the disputed information in either of the Plaintiff's dispute letters, they could not have verified that they were reporting accurate information regarding the Capital One Account.

89. Had any of the CRA Defendants done even the most basic of investigations into the disputed information in either of the Plaintiff's dispute letters, they would have seen that the Capital One Account was settled in full in August 2021 and that they were reporting inaccurate information regarding the balance, past due amount, and that the Capital One Account was in charge off status.

90. Thus, Experian, Equifax and Trans Union's reckless disregard of the information provided by Plaintiff that the purported balance and status were inaccurate was willful, rendering them each liable for actual or statutory damages, and punitive damages in amounts to be determined pursuant to 15 U.S.C. § 1681n.

91. In the alternative, Experian, Equifax and Trans Union's conduct was negligent, entitling Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

92. Plaintiff is entitled to recover costs and attorney's fees from Experian, Equifax and Trans Union in amounts to be determined pursuant to 15 U.S.C. § 1681n and/or 1681o.

## COUNT III

## VIOLATIONS OF THE FAIR CREDT REPORTING ACT

## 15 U.S.C. § 1681s-2(b)

## (Capital One)

93. Plaintiff realleges and incorporates all paragraphs above as if fully set out herein.

94. FCRA § 1681s-2(b), in pertinent part, provides: "After receiving notice…of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the [furnisher] shall – conduct an investigation with respect to the disputed information…review all relevant information provided by the consumer reporting agency." § 1681s-2(b)(1)(A), (B). § 1681s-2(b) further provides, "if an item of

information disputed by a consumer is found [by a furnisher] to be inaccurate or incomplete or cannot be verified after any reinvestigation…for purposes of reporting to a consumer reporting agency only, [the furnisher shall]…based on the results of the reinvestigation promptly – (i) modify that item of information; (ii) delete that item of information; or (iii) permanently block reporting of that item of information." § 1681s-2(b)(1)(E)(i)-(iii).

95. Plaintiff filed two written notices of dispute with the CRA Defendants in the form of the First Dispute Letter and Second Dispute Letter.

96. Each of the CRA Defendants then notified Capital One of the Plaintiff's disputes and provided a copy of Plaintiff's First Dispute Letter and Second Dispute Letter to Capital One.

97. The CRA Defendants notification of the Plaintiff's disputes to Capital One triggered Capital One's duty to investigate Plaintiff's dispute under § 1681s-2.

98. Capital One violated FCRA § 1681s-2(b) by its acts and omissions, including but not limited to:

   a. Failing to conduct a reasonable investigation of Plaintiff's disputes after receiving both notices of the dispute from the CRA Defendants;

   b. Failing to review all relevant information provided by the CRA Defendants;

   c. Failing to promptly modify, delete or permanently block the inaccurate information they were reporting to the CRA Defendants and that the Plaintiff disputed in the First Dispute Letter and Second Dispute Letter, in violation of § 1681s-2(b)(1); and

d. Failing to promptly modify, delete or permanently block the incomplete information they were reporting to the CRA Defendants and that the Plaintiff disputed in the First Dispute Letter and Second Dispute Letter, in violation of § 1681s-2(b)(1);

99. Had Capital One performed even the most basic investigation, it could not have verified to the CRA Defendants that the information the Plaintiff disputed in his First Dispute Letter and Second Dispute Letter related to the Capital One Account was accurate. As stated above, Capital One *knew* it was reporting an inaccurate balance, past due amount and legal status because they knew, and their own records reflected, that Plaintiff had settled the Capital One Account in full with them in August 2021 and therefore owed $0. Capital One was a party to the settlement agreement, so they cannot possibly say that they didn't know of the settlement. By failing to perform a reasonable investigation and modify the inaccurate and incomplete information, Capital One violated § 1681s-2(b) of the FCRA.

100. All the violations of the FCRA proximately caused the injuries and damages set forth in this Complaint.

101. Capital One's violations of § 1681s-2(b) were willful, rendering Capital One liable for statutory damages, actual damages, costs and reasonable attorney's fees, and punitive damages in an amount to be determined by the Court pursuant to § 1681n.

102. In the alterative, Capital One's violations of § 1681s-2(b) were negligent, entitling Plaintiff to recovery actual damages, costs and reasonable attorney's fees from Capital One pursuant to § 1681o.

WHEREFORE, Plaintiff demands that judgment be entered against Defendants as follows:

a. That judgment be entered against Defendants for actual damages pursuant to 15 U.S.C. § 1681n, or alternatively, § 1681o;

b. That judgment be entered against Defendants for punitive damages pursuant to § 1681n;

c. That the Court award costs and reasonable attorneys' fees pursuant to § 1681n, or alternatively, § 1681o;

d. That the Court grant such other and further relief as may be just and proper.

Dated: February 7, 2023
Floral Park, NY

/s/ Ryan Gentile
By:_____
Ryan Gentile, Esq.
Attorney for Plaintiff
110 Jericho Turnpike – Suite 100
Floral Park, NY 11001
Tel: (201) 873-7675
rlg@lawgmf.com