UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

**SHIMSHON WEXLER**                                    **Civil Action No. 1:23-cv-01000-JGK**

        **Plaintiff,**

v.

                                        **RULE 26(f) REPORT**

**CAPITAL ONE, N.A., TRANS UNION
LLC, EQUIFAX INFORMATION
SERVICE, LLC, and EXPERIAN
INFORMATION SOLUTIONS, INC.**

        **Defendants.**
------------------------------------------------------X

      The counsel identified below participated in the meeting required by Fed. R. Civ. P. 26(f) on April 19, 2023 and prepared the following report.

    (1) **Concise Factual Summary of Plaintiff's Claims**:

    Plaintiff brings this action against Equifax Information Services, LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), and Trans Union, LLC ("Trans Union") (Equifax, Experian and Trans Union, when used collectively, are hereinafter known as the "CRA Defendants") and Capital One, N.A. ("Capital One") alleging violations of the Fair Credit Reporting Act (15 U.S.C. § 1681 *et seq*. (hereinafter "FCRA").

    On or around August 11, 2021, Plaintiff and Capital One agreed to settle a credit card account the Plaintiff had with Capital One. Plaintiff made a payment, via check, for the exact amount agreed to in the settlement agreement, and said check was cashed by Capital One and cleared Plaintiff's bank account on August 20, 2021.

    In September 2021, Plaintiff obtained his credit reports from the CRA Defendants. In each of the reports, the CRA Defendants were reporting that the Capital One Account had a balance owed, a past due amount owed, and was in "charge off" status. The balance being reported was the amount total amount allegedly owed prior to the settlement agreement minus the settlement amount paid by the Plaintiff.

    On October 13, 2021, Plaintiff wrote and mailed letters to each of the CRA Defendants ("First Dispute Letter). The First Dispute Letter disputed the balance that each of the CRA Defendants was reporting and provided evidence that the balance owed on the Capital One Account was zero dollars ($0) because the account was settled in full on August 20, 2021.

Each of the CRA Defendants responded to the Plaintiff's First Dispute Letter by verifying as accurate the information that the Capital One Account had a balance owed, a past due amount owed, and was in "charge off" status.

On November 2, 2021, Plaintiff wrote and mailed letters to each of the CRA Defendants ("Second Dispute Letter). Plaintiff wrote the Second Dispute Letter because none of the Defendants fixed the errors on Plaintiff's credit reports in response to the First Dispute Letter. The Second Dispute Letter again disputed the balance that each of the CRA Defendants was reporting regarding the Capital One Account and provided evidence that the Capital One account had been settled, including the settlement agreement between Plaintiff and Capital One and a copy of the cancelled check evidencing payment of the settlement amount. Plaintiff again explained in the Second Dispute Letter that the balance owed on the Capital One Account was zero dollars ($0) because the account was settled in full on August 20, 2021.

In response to the Plaintiff's Second Dispute Letter:

- Equifax's verified as accurate the information that the Capital One Account had a balance owed, a past due amount owed, and was in "charge off" status.

- Experian refused to reinvestigate the Plaintiff's second dispute.

- Trans Union verified as accurate the information that the Capital One Account had a balance owed, a past due amount owed, and was in "charge off" status.

**(2) Concise Factual summary of Defendants' Defenses.**

Capital One N.A.

Capital One is currently investigating this matter. Capital One generally denies the allegations in Plaintiff's Complaint. Capital One's reasonable investigation and response to Plaintiff's dispute complied with the requirements of 15 U.S.C § 1681s-2(b). Capital One denies that Plaintiff is entitled to any damages.

Trans Union LLC

Defendant Trans Union is a consumer reporting agency as that term is defined by the FCRA and states that at all times relevant, Trans Union maintained reasonable procedures to assure maximum possible accuracy of the relevant information concerning Plaintiff and Trans Union complied with the requirements of the FCRA with respect to Plaintiff. Trans Union furthermore properly initiated and conducted any required reinvestigation(s) pursuant to the FCRA. As such, any damages Plaintiff may have sustained were not caused by Trans Union.

<u>Equifax Information Services, LLC</u>

Defendant Equifax denies the allegations in the Complaint, denies that it reported inaccurate information, denies that Plaintiff was harmed by the reporting of the relevant trade line, and denies that any harm to Plaintiff was caused by Equifax.  In compliance with the Fair Credit Reporting Act, Equifax maintains reasonable procedures to ensure the maximum possible accuracy of the information it reports.

<u>Experian Information Solutions, Inc.</u>

Defendant Experian Information Solutions, Inc. ("Experian") denies the allegations in the Complaint, denies that it reported inaccurate information, denies that Plaintiff was harmed by the reporting of the relevant trade line, and denies that any harm to Plaintiff was caused by Experian.  In compliance with the Fair Credit Reporting Act, Experian maintains reasonable procedures to ensure the maximum possible accuracy of the information it reports.

**(3) Summary of Factual Stipulations or Agreements.**

The parties do not have any factual stipulations or agreements at this time. However, as discovery progresses, the parties remain open to negotiating such stipulations or agreements as appropriate.

**(4) Demand for Jury Trial**

Plaintiff has demanded a jury trial.

**(5) Settlement**

The parties believe that this matter can be promptly settled between all parties.

Capital One is pending a demand from Plaintiff.

**(6) The parties have agreed exchanged the information required by Fed. R. Civ. P. 26(a)(1) <u>by May 5, 2023.</u>**

**(7) Explain any problems in connection with completing the disclosures required by Fed. R. Civ. P. 26(a)(1).**

There have been no problems.

**(8) The parties have not conducted discovery other than the above disclosures as of the date of this report.**

(9) **Proposed joint discovery plan:**

    a.    **Discovery is needed on the following subjects:**

        **For Plaintiff**: Plaintiff anticipates needing discovery related to all the factual allegations in the Plaintiff's complaint that the Defendants have denied in their respective answers. Plaintiff anticipates needing discovery regarding the investigations done by Defendants in response to both of Plaintiff's disputes.

        **Capital One N.A.:** Capital One anticipates needing discovery on Plaintiff's allegations in the Complaint and its defenses.

        **Trans Union LLC:** Trans Union anticipates conducting discovery on all allegations, claims, theories of liability, damages, defenses and affirmative defenses alleged in the Complaint in the form of depositions, interrogatories, requests of admissions, and requests for production, as well as third party discovery. Trans Union may designate affirmative and/or rebuttal expert witness(es), and does not anticipate any discovery disputes at this time.

        **Equifax Information Services, LLC:** Equifax anticipates conducting discovery on all allegations, claims, theories of liability, damages, defenses and affirmative defenses alleged in the Complaint in the form of depositions, interrogatories, requests of admissions, and requests for production, as well as third party discovery. Trans Union may designate affirmative and/or rebuttal expert witness(es), and does not anticipate any discovery disputes at this time.

        **Experian Information Solutions, Inc**. Experian anticipates conducting discovery related to Plaintiff's factual allegations, including but not limited to Plaintiff's alleged settlement with Capital One and Plaintiff's alleged damages. Experian anticipates conducting this discovery via depositions, requests for documents and admissions, and written interrogatories. Depending on facts learned throughout the discovery process, Experian may pursue limited third-party discovery and/or may present affirmative and/or rebuttal expert testimony. Experian does not currently anticipate any discovery disputes that cannot be resolved by the parties.

    b.    **Discovery should not be conducted in phases or be limited to particular issues.**

    c.    **Proposed schedule:**

        i.    **Fed. R. Civ. P. 26 Disclosures:** All parties will provide each other with their initial disclosures **by May 5, 2023.**

        ii.    **E-Discovery conference.**

        The parties do not foresee a need an e-discovery conference at this time.

    **iii.**    **Service of initial written discovery:**

        Interrogatories shall be served by May 20, 2023

        Requests for production of documents shall be served by May 20, 2023

        Requests for admissions shall be served no later than May 20, 2023

    **iv.**    **Maximum of   25   Interrogatories by each party to each other party.**

    **v.**    **Motions to amend or to add parties to be filed by:** August 20, 2023

    **vi.**    **Factual discovery to be completed by:** October 20, 2023

    **vii.**    **Plaintiff's expert report due on:**

        Plaintiff does not anticipate needing expert testimony at this time.

    **viii.**    **Defendant's expert report due on:**

        Defendants do not currently anticipate needing expert testimony but reserve all rights to designate one or more expert witnesses depending on facts learned throughout the discovery process.

    **ix.**    **Expert depositions to be completed by:**

        If needed, October 20, 2023.

    **x.**    **Dispositive Motions to be served:**

        Motions for Summary Judgment to be filed no later than December 20, 2023

**d.**    **Set forth any special discovery mechanism or procedure requested.**

    None anticipated.

**e.**    **A pre-trial conference may take place on:** To be determined by the Court.

**f.**    **Trial date:** To be determined by the Court.

**(10)**    **Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of-state witnesses or documents, etc.)?**

This will depend on the parties' comfort-level with in-person depositions given the current environment with COVID-19.

**(11)   Do you anticipate any issues about disclosure or discovery of electronically store information, including the form or forms in which it should be produced?**

The parties do not anticipate any issues with ESI.

The parties have agreed to produce electronically-stored information in PDF format where applicable as an initial matter.  Once the parties have had the opportunity to review the PDF Format of the electronically-stored information, the parties agree to confer amongst themselves to determine if any additional exchange or production is needed in electronic format.

**(12)   Do you anticipate entry of a Discovery Confidentiality Order?**

The parties anticipate that Defendants will seek entry of a Confidentiality Order.

**(13)   Do you anticipate any discovery problem(s) not listed above?  Describe.**

No.

**(14)   Is this case appropriate for bifurcation?  No.**

**(15)   An interim status/settlement conference (with clients in attendance), should be held in: TBD by Court**

**(16)   We do not consent to trial being conducted by a Magistrate Judge.**

**(17)   Identify any other issues to address at the Rule 16 Scheduling Conference.**

None.

Dated: April 21, 2023


/s/ Ryan Gentile
_____
Ryan Gentile, Esq.
Law Offices of Gus Michael Farinella, PC
110 Jericho Turnpike – Suite 100
Floral Park, NY 11001
Tel: 516-326-2333
rlg@lawgmf.com
*Attorney for the Plaintiff, Shimshon Wexler*

/s/ Boris Brownstein
_____
Boris Brownstein, Esq.
Clark Hill Plc (NJ)
210 Carnegie Center, Suite 102
Princeton, NJ 08540
Tel: 609-785-2923
Bbrownstein@clarkhill.com
*Attorney for Defendant, Equifax Information Services*


/s/ Meredith Christian
_____
Meredith Christian, Esq.
Jones Day
250 Vesey Street
New York, NY 10281
Tel: 708-955-4388
mchristian@jonesday.com
*Attorney for Defendant, Experian Information Solutions, Inc.*

/s/ Camille Renee Nicodemus
_____
Camille Renee Nicodemus, Esq.
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN 46077
Tel: 317-363-2400
cnicodemus@schuckitlaw.com
*Attorney for the Defendant, Trans Union, LLC*

/s/ Blaec C. Croft
_____
Blaec C. Croft, Esq.
McGuireWoods LLP
260 Forbes Avenue
18th Floor
Pittsburgh, PA 15222
Tel: 412-667-6057
bcroft@mcguirewoods.com
*Attorney for Defendant, Capital One, N.A.*

7